339 So.2d 797 (1976)
STATE of Louisiana
v.
Lenzy FELTON.
No. 58062.
Supreme Court of Louisiana.
November 8, 1976.
Rehearing Denied December 10, 1976.
*798 Steve Katz, Kidd, Katz & Strickler, George M. Strickler, Jr., Monroe, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Carl Parkerson, Dist. Atty., John R. Harrison, Asst. Dist. Atty., for plaintiff-appellee.
TATE, Justice.
The defendant Felton was convicted of two counts of extortion, La.R.S. 14:66, and sentenced to concurrent sentences of ten years on each count. Upon appeal, the defendant raises three principal arguments for reversal. He contends that:
(1) The trial court erred in overruling his motion to quash the indictment based upon the alleged unconstitutional vagueness *799 and overbreadth of the extortion station, La.R.S. 14:66 (Assignment of Error No. 1);
(2) The trial court erred in overruling his challenges for cause of two prospective jurors (Assignments Nos. 2 and 3);
(3) The trial court erred in denying a mistrial, when the foreman of the jury made an allegedly inconclusive report as to the number of jurors who concurred in the verdict (Assignment No. 5).
Context Facts
At the time of the offenses, the defendant was a police officer. In each instance, while on patrol he found a couple in a parked car. He threatened each of the individuals with arrest if the couples did not perform the sex act in his presence, and in each instance he threatened the female with arrest if she did not subsequently engage in sexual intercourse with himself. He did have sexual intercourse with the first female, and attempted intercourse with the second.
He was charged with two counts of extortion. La.R.S. 14:66. That statute provides that "Extortion is the communication of threats to another with the intention thereby to obtain anything of value or any acquittance, advantage, or immunity of any description. * * *"[1]
The defendant moved for a bill of particulars as to "What thing or value or acquittance, advantage or immunity is it alleged that the defendant attempted to obtain through the use of a threat or threats. . .?" The state answered: "Defendant obtained sexual gratification and sexual participation through threats."
1. Constitutionality of statute
(a) Vagueness:
By his motion to quash, the defendant contends that the statutory language "to obtain anything of value or any acquittance, advantage, or immunity of any description" is unconstitutionally vague, in that the statutory language does not outlaw conduct with sufficient precision so that a person can know that his conduct falls within the scope of the prohibition sought by the statute.
We rejected a similar contention in State v. Cloud, 248 La. 125, 176 So.2d 620 (1965). With regard to the statutory terms attacked as vague, we held, 176 So.2d 622: "Viewed in the context of their ordinary meanings, the words are not extremely difficult to comprehend. They offer proper guidelines to persons of ordinary intelligence as to what conduct is extortion. That is all our law requires." See also Black's Law Dictionary, verbo "Advantage", p. 72: "Any state, condition, circumstance, opportunity, or means specially favorable to success, prosperity, interest, reputation, or any desired end" (4th ed., 1951).
We thus reject the present contention of vagueness, which is solely based upon the facial invalidity of the statute.
The defendant does not argue that, if the statute is not vague, the crime of extortion is not committed when a man forces, through threats a woman to have sexual intercourse with himself, or to perform a sexual act in his presence for his own sexual gratification. As indicated above, in such instances, the crime of extortion is committed when, by the use of threats, the accused obtains from the victim *800 performance (or non-performance) of a substantial act for the advantage (here, sexual gratification) of the accused.
(b) Overbreadth:
By his supplemental motion to quash, the defendant also contends that the statute is unconstitutionally overbroad. The thrust of this argument is that the statutory terms are broad enough to inhibit constitutionally protected areas of expression and free speech, such as the threat of a creditor to sue a debtor if he does not pay his debt, or the public threat of a political candidate to expose skeletons in the closet of his election opponent.
This argument overlooks the purpose and context of the statute. See State v. Newton, 328 So.2d 110 (La.1976).
The general scope of the crime of extortion "is intended to include what is commonly known as `blackmail.'" Official Revision Comment, Section 66, La. Criminal Code of 1942. The purport of the statute is to prohibit the use of threats to cause the victim to part with his property or to do an act, or refrain from doing an act, to the advantage of the threatener, who could not without the threat otherwise lawfully secure such advantage willingly from the victim. See LaFave and Scott, Criminal Law, Section 66 (1972).
The statute as thus construed is not overbroad. It is not facially unconstitutional, as contended. As thus construed, the statute does not infringe upon or inhibit expression constitutionally protected. The prosecution of other conduct beyond its scope is not here at issue, for purposes of this motion to quash essentially based upon the facial invalidity of the statute.
2. Challenges for cause of prospective jurors
The defendant, who exhausted his peremptory challenges, contends that the trial court erred in denying his challenges for cause of two prospective jurors. One of them had indicated a particular dislike of sexual crimes. The other had read about the present charges in the newspapers and, initially, indicated she would require some evidence on behalf of the accused to acquit.
However, in each instance, after being instructed of the state's burden to prove guilt beyond a reasonable doubt and of the presumption of innocence, the prospective juror assured the court that he/she would follow the instructions of the court and convict or acquit only upon the evidence offered at the trial, laying aside predispositions based upon attitudes or opinions from outside the courtroom.
Although the issue is close, upon reviewing the voir dire of these prospective jurors as a whole, we are unable to hold that the trial court abused its sound discretion in determining that these jurors could serve impartially and render an impartial verdict according to the law and the evidence. See State v. Jones, 315 So.2d 650 (La.1975).
3. Mistrial because of ambiguity of jury foreman's report
By this assignment, the defendant contends that the foreman of the jury reported that the polling in the courtroom was different than the polling in the jury room and that therefore a mistrial should have been ordered.
The foreman of the jury reported the verdict separately as guilty on both counts. In each case, the jury was polled, and ten of them voted for guilty as charged.
The present issue arose after the jury was polled as to Count 1. As noted, ten of the jurors agreed that guilty was their verdict. (Two indicated "No", it was not their verdict, one of them adding: "Guilty of attempt.")
The foreman then asked the judge a question. He stated, "As foreman, that's not exactly the way the vote came out the first time. Now I realize that we need ten as you so told us. The end result is the same but it's notthe breakdown is not exactly the same."
The trial judge replied that, since the law requires ten jurors to concur in the verdict *801 and ten had concurred, the verdict was acceptable. The defendant's counsel then objected and asked for a mistrial.
The evidence indicates that at least ten jurors concurred in the verdict in the jury room and that ten jurors concurred in the verdict upon polling in open court. If indeed there were any doubt that ten jurors concurred in the verdict of guilty, the defendant might have requested a remand to the jury room or a re-polling of the jury.
The defendant did not request such relief. He moved only for a mistrial.
No authority is cited requiring a mistrial under the circumstances shown, nor is any prejudice to the defendant reflected.

Decree
For the reasons assigned, we affirm the convictions and sentences.
AFFIRMED.
CALOGERO, J., dissents. R.S. 14:66 is unconstitutionally overbroad.
NOTES
[1] The statutory definition concludes: "* * * The following kinds of threats shall be sufficient to constitute extortion:

"(1) A threat to do any unlawful injury to the person or property of the individual threatened or of any member of his family or of any other person held dear to him;
"(2) A threat to accuse the individual threatened or any member of his family or any other person held dear to him of any crime;
"(3) A threat to expose or impute any deformity or disgrace to the individual threatened or to any member of his family or to any other person held dear to him;
"(4) A threat to expose any secret affecting the individual threatened or any member of his family or any other person held dear to him;
"(5) A threat to do any other harm."