352 So.2d 206 (1977)
STATE of Louisiana
v.
Matthew HENDERSON.
No. 59834.
Supreme Court of Louisiana.
November 14, 1977.
*207 Robert J. Zibilich, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., William L. Brockman, Asst. Dist. Atty., for plaintiff-appellee.
CALOGERO, Justice.
Defendant Matthew Henderson was tried and convicted for the second degree murder of Barbara Harrison, a four (4) year old child. He was sentenced to life imprisonment without benefit of parole, probation, or suspension of sentence. He appeals to this Court relying on three assignments of error and urging reversal of his conviction and sentence.

ASSIGNMENT OF ERROR NO. 1
In defendant's first assignment of error he alleges that the trial court erred when it allowed an expert in the field of forensic dentistry to testify, over objection, that the forcible extraction of teeth (akin to what had likely been the young victim's fate in this case) was in keeping with an activity of which he was cognizant: preventing victim identification in homicide cases. Since the witness had been duly and amply qualified as an expert in the field of forensic dentistry, this opinion testimony was more than likely permissible. However, even if such testimony were not permissible for the reason that the question was not one precisely within the field of the witness' expertise, we find no prejudicial error, certainly not of the magnitude warranting reversal of defendant's conviction, in allowing this testimony.

ASSIGNMENT OF ERROR NO. 2
Defendant contends in his second assignment of error that the trial court erred by allowing a particular photograph of the victim to be introduced into evidence over defense objection. The photograph, taken some time before the day on which the victim met her death, showed her wearing a gold earring. This earring was purportedly the same earring that was later recovered from the plumbing system in defendant's apartment. The basis of defendant's objection was that the photograph was unnecessary, inflammatory and prejudicial "by its very nature." There is no conceivable merit to this complaint. The photograph was highly relevant. It tended to place the victim in the defendant's apartment prior to her disappearance.

ASSIGNMENT OF ERROR NO. 3
Defendant's final contention that a comment in the district attorney's closing argument was directed at the defendant's not having testified is equally without merit. The district attorney simply reviewed certain physical evidence and related that it was unrefuted and unrebutted. The comment was neither a direct nor an indirect reference to "the failure of the defendant to testify in his own defense." La.C.Cr.Pro. art. 770; State v. Smith, 327 So.2d 355 (La.1976); State v. Cryer, 262 La. 575, 263 So.2d 895 (1972).
Therefore, for the reasons assigned the defendant's conviction and sentence are affirmed.
AFFIRMED.