443 So.2d 620 (1983)
STATE of Louisiana
v.
Glenn A. HEBERT.
No. CR83-212.
Court of Appeal of Louisiana, Third Circuit.
November 9, 1983.
James P. MacManus, Lafayette, for defendant-appellant.
Charles Brandt, Asst. Dist. Atty., Lafayette, for plaintiff-appellee.
*621 Before DOMENGEAUX, GUIDRY and CUTRER, JJ.
DOMENGEAUX, Judge.
Defendant, Glenn A. Hebert, was charged by bill of information with the crime of forcible rape, a violation of La. R.S. 14:42.1. On September 21, 1982, defendant's trial began before a twelve person jury. On September 23, 1982, after approximately an hour and forty minutes of deliberation, the jury reached a unanimous verdict of guilty as charged. On January 14, 1983, defendant was sentenced to forty (40) years at hard labor. Defendant now appeals on the basis of four assignments of error.

FACTS
On April 26, 1981, at approximately 6:00 a.m., Glenn A. Hebert allegedly raped Charo Lozado Hebert, his sister-in-law. According to the testimony of Mrs. Hebert, she was awakened by a knock at the front door of her apartment on the date in question; thinking it may have been her husband returning from work, she approached the front door to see who it was. She stated that she opened the door slightly and defendant "slammed the door" open and ran to the bedroom where the alleged victim's two year old child was sleeping. Fearing for her child, Mrs. Hebert followed.
According to Mrs. Hebert, defendant grabbed her by the arm and put his finger around her throat to prevent her from screaming. Defendant then threw her on the bed and slapped her. Defendant proceeded to remove Mrs. Hebert's clothing and told her "shut up or I'll kill you." Defendant then raped Mrs. Hebert, according to her testimony.
After defendant had left the premises, Mrs. Hebert called the apartment manager of the complex in which she lived. Through the efforts of the apartment manager, police officials were notified of the incident. Later that morning, Mrs. Hebert was taken to the emergency room of Lourdes Hospital for an examination. After the examination, Mrs. Herbert was interviewed by Detective Johnson of the Lafayette City Police Department.
At approximately 12:30 p.m. that same day, police officers observed defendant driving an automobile. The officers displayed the lights on the police car and initiated operation of the siren. Defendant accelerated and attempted to flee. A high speed chase ensued for approximately twenty minutes with the vehicles reaching speeds of ninety-five miles per hour. Defendant's vehicle became disabled because he ran into two other automobiles head-on. Defendant alighted from his car and ran from the scene. Three police officers gave chase and after a struggle, defendant was apprehended.

MERITS
ASSIGNMENT OF ERROR NO. 1
Defendant contends the trial court erred when it found that one of the jurors could render a fair and impartial verdict. The transcript reflects that upon completion of Mrs. Hebert's testimony, a recess was ordered by the trial judge. During the recess, one of the jurors approached the trial judge. Once court was reconvened, the trial judge allowed the juror to express his feelings before the court while the other jurors remained in the jury room. The juror stated that his wife was an "Hebert" but that he did not know "any of these Heberts." Upon questioning by defense counsel, the juror stated:
"I could be ... I think I might be swayed by emotions. The reason I brought this up ... What it is, I didn't want to let this trial go on and then, intoward the end or at the end or anything, feel that I had aa choice on emotion or something, which Iit could very well be with me, now.
I ... I've never been faced with this kind of responsibility before."
The juror went on to say that having lived in Bolivia, which is the birthplace of Mrs. Hebert, and knowing many Bolivians, he might be prejudiced on her side. However, *622 upon further questioning by the trial judge, the juror indicated that he could be impartial and decide according to the evidence presented and the instructions of the trial judge. At this point, defense counsel moved for a mistrial which was denied by the trial judge.
It is assumed that defense counsel relied upon La.C.Cr.P. art. 775 as authority for his request of a mistrial. La.C.Cr.P. art. 775 provides in pertinent part:
"A mistrial may be ordered, and in a jury case the jury dismissed, when:
(6) False statements of a juror on voir dire prevent a fair trial."
This article permits the granting of a mistrial; however, such is not mandatory under La.C.Cr.P. art. 775.
Further inquiry into the matter indicates the trial judge was correct in denying the defense counsel's motion for a mistrial based upon the prejudice of the juror. In State v. Meriwether, 412 So.2d 558 (La. 1982), the Louisiana Supreme Court was presented with a similar issue. After the trial had begun, it was brought to the trial judge's attention that a juror was acquainted with the victim. Upon questioning by the trial judge, the juror stated that she could be impartial. The Court noted that the juror had inadvertently made a false statement on voir dire but the trial judge had not abused his broad discretion in failing to order a mistrial.
In the instant case, the record does not reflect that the juror made a false statement on voir dire. The juror expressed his apprehension about this matter after trial had begun; he felt his emotional feelings perhaps could prejudice his ability to be impartial. As noted earlier, upon further questioning by the trial judge, the juror asserted that he could be impartial and could put aside any apprehensiveness that he had. In State v. Tribbet, 415 So.2d 182 (La.1982), the Court noted that: "a mistrial is a drastic remedy and, except in instances in which it is mandatory, it is only warranted if substantial prejudice results which would deprive defendant of a fair trial." In light of Tribbet, supra, the trial judge did not abuse his discretion in denying the motion for a mistrial. The record reflects no prejudice to defendant by denial of his motion.
ASSIGNMENT OF ERROR NO. 2
Defendant urges as error the trial court's denial of his motion for a mistrial based upon the allegedly prejudicial statements made by the District Attorney concerning the lack of refuting evidence offered by the defense. During the prosecuting attorney's closing remarks he stated:
"If what Charo Hebert told you ... And you have no reason, in this case, to assume that it's not true. There's no contradictory evidence saying that what happened in that apartment did not happen. The evidence that you have before you is what Charo Hebert testified to."
At this point, defense counsel objected and moved for a mistrial. Upon removal of the jury, he stated:
"Your Honor, I believe that statement brings the jury's attention to the Defendant's right not to take the stand, points directly at it, brings their attention to it and it is a mandatory grounds for a mistrial, should the District Attorney do that. `No contradictory evidence.'"
The trial judge reserved his ruling until the closing arguments were completed. Upon return of the jury, the trial judge admonished them that the defendant was not required by law to call any witnesses or to produce any evidence. The defendant was not required to testify and that no presumption of guilt could be raised and no inference of any kind could be drawn from the fact that the defendant did not testify. Defense counsel accepted the substance of the admonishment but reserved his objection on the grounds that a mistrial was mandatory.[1]
*623 The trial judge in denying the motion for mistrial stated in part:
"I think that there are a number of cases, including State vs. Culberth, 390 So.2d 847, 1980; State vs. Henderson, 352 So.2d 206; State vs. Simms (sic), 346 So.2d 664; State vs. Frank, 344 So.2d 1039; State vs. Braxton, 241 So.2d 763, that, in effect, consistently recognized the propriety of the State's commenting on the lact of refuting evidence, or in this case, evidence which was contradicted or uncontradicted, produced by a defendant.
It appears to this Court that the District Attorney's references in his closing argument were not improper, since they were confined to the evidence adduced. The Court will note that there were many species of evidence, other than testimony by the Defendant. There was... well, at issue, there was, for example, the testimony of the Defendant's father and the Defendant's father's wife, with respect to visitation, overnight visitation, a relationship that they saw manifested by a friendly, if I may use that term, demeanor of the victim toward the Defendant, the request by the Defense Counsel for a recess so that he may seek the testimony of witnesses who had coffee with the Defendant and the Defendant's brother, the husband of the victim, with respect to the same occurrences within the apartment. That is, whether or not the Defendant was a guesta consistent or multiple-occasion guest, overnight at the apartment, the break of the chain.
All of these are species of evidence to which the District Attorney, I think, might very properly make illusion. It therefore, appears to me, that we do not have a remark that, in effect, would red arrow the Defendant's failure to testify. And, for that reason, I'm going to deny your motion for mistrial."
In the recent decision of State v. Latin, 412 So.2d 1357 (La.1982), the Louisiana Supreme Court noted:
"References made in closing argument that the State's case stands uncontroverted have been frequently upheld by this Court. See State v. Sims, 346 So.2d 664 (La.1977). A statement that the State's theory of the case remains unassailed encompasses the entire case presented by the defense and does not focus on the defendant's failure to take the stand. However, when the defendant is the only person who can dispute the testimony, a reference to the testimony as uncontroverted focuses the jury's attention on the defendant's failure to testify. See State v. Perkins, 374 So.2d 1234, 1237 (La.1979)."
The trial judge, in this case, took the position that the prosecuting attorney's comments were designed to show the weakness of the evidence that the defense did put on, not the fact that the defendant did not testify. We agree with the trial judge because as noted in Perkins, supra, if the defendant is not the only witness that can refute certain testimony, a reference to this testimony as uncontroverted is not improper.
In the case sub judice, the defendant was not the only person who could absolve himself of fault. In fact, defendant did attempt to exculpate himself by calling to the stand some six witnesses. The defendant presented a weak defense and the District Attorney's remarks were directed toward the insubstantial nature of the evidence adduced in aggregate. Such is not grounds for a mistrial. Therefore, this assignment of error lacks merit.
ASSIGNMENT OF ERROR NO. 3
Defendant contends the trial court erred in denying his motion for a new trial on the grounds of the lack of corroborating evidence which should have been provided to buttress the testimony of the victim. This assignment of error appears to be based on the issue of whether there was sufficient evidence adduced by the State to prove *624 beyond a reasonable doubt all the essential elements of forcible rape. La.R.S. 14:42.1.
In Jackson v. Virginia,[2] 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the United States Supreme Court stated that the standard of review is:
"Whether the evidence, considered in the light most favorable to the prosecution, is sufficient to convince a rational trier of fact of the defendant's guilt beyond a reasonable doubt of every element of the offenses."
In this case, the victim testified that defendant had sexual intercourse with her without her consent and he threatened to kill her if she did not comply. There was no scientific evidence presented by the State to corroborate her claim of rape. In State v. Rives, 407 So.2d 1195 (La.1981), the Louisiana Supreme Court was faced with a similar issue. In Rives, supra, the testimony of the alleged victim was the only evidence of rape that was presented by the State; there was no scientific evidence presented. The Court stated:
"Despite the absence of scientific evidence of sexual intercourse, the testimony of the victim was sufficient to establish `sexual penetration'. La.R.S. 14:41 provides that `emission is not necessary' and that `any sexual penetration, however slight, is sufficient to complete the crime'. The victim's testimony also established she was prevented from resisting the act by force and threats of physical violence. La.R.S. 14:42.1."
In light of Rives, this assignment of error lacks merit. The testimony by the alleged victim was sufficient to prove the essential elements of the crime of forcible rape. La. R.S. 14:42.1. The evidence, taken as a whole, meets the constitutional standard set forth in Jackson v. Virginia, supra.
ASSIGNMENT OF ERROR NO. 4
Defendant urges the trial court erred in denying his motion for a new trial based on the possibility of prejudice and bias implanted by a newspaper article, which the defendant did not become aware of until after trial. Defense counsel does not set forth the substance of this newspaper article in his brief, therefore only a statement of the jurisprudence on this issue will follow:
In State v. Charles, 350 So.2d 595 (La. 1977), the Louisiana Supreme Court noted:
"Prejudice against an accused because of newspaper coverage is normally a ground for change of venue, but not for a new trial. State v. Carricut, 157 La. 140, 102 So. 98 (1924). It is only when the defendant shows that the evidence could not have been discovered by the use of reasonable diligence before the verdict that the Code of Criminal Procedure authorizes the granting of a motion for new trial."
A decision on the motion for a new trial rests within the sound discretion of the trial judge and his ruling will not be disturbed on appeal in absence of a clear showing of abuse of discretion. State v. Quimby, 419 So.2d 951 (La.1982). In light of the foregoing, this assignment of error lacks merit.
DECREE
For the above and foregoing reasons defendant's conviction and sentence for the crime of forcible rape are affirmed.
AFFIRMED.
NOTES
[1] La.C.Cr.P. art. 770 provides in pertinent part:

"Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
(3) The failure of the defendant to testify in his own defense;"
[2] Although this Court is obligated to follow the Jackson standard as mandated by the Louisiana Supreme Court, the author of this opinion has expressed opposition to this standard because it relegates the reviewing power of the appellate courts to nothing more than "second-guesswork" of the triers of fact. See State v. Anderson, 440 So.2d 205 (La.App. 3rd Cir.1983), concurring opinion, and cases cited therein.