563 So.2d 1269 (1990)
STATE of Louisiana
v.
Debra R. DUNCAN.
No. KA 89 1330.
Court of Appeal of Louisiana, First Circuit.
June 26, 1990.
*1270 George H. Ware, Jr., St. Francisville, for State.
Ossie Brown, Baton Rouge, for defendant.
Before LOTTINGER, CRAIN and LeBLANC, JJ.
LOTTINGER, Judge.
The defendant, Debra R. Duncan, was charged by grand jury indictment with theft over $500.00, in violation of La.R.S. 14:67. She pled not guilty and, after trial by jury, was found guilty as charged. She received a sentence of five years at hard labor. However, the sentence was suspended; and the defendant placed on supervised probation for a period of five years, subject to the following special conditions of probation: (1) one year in the parish jail; (2) restitution of $16,101.59 to Dixie Electric Cooperative; (3) a fine of $2,500.00 and court costs; (4) reimbursement to the parish for a jury trial; and (5) a $10.00 per month probation supervision fee. The defendant has appealed, alleging two assignments of error, as follows:
1. The trial court erred in failing to comply with La. Code Crim.P. art. 811.

*1271 2. The trial court erred in refusing to allow Shirley Cummings, a member of the jury, to testify at the hearing on the motion to set aside the conviction and verdict.
The instant trial took place on February 21 and 22, 1989. The State alleged that the defendant embezzled in excess of $16,000.00 while employed at Dixie Electric Membership Corporation. After trial by a jury of six, the defendant was convicted of theft over $500.00. Subsequently, the defendant filed a motion to set aside the conviction and verdict. After a hearing, the trial court denied the motion.

ASSIGNMENTS OF ERROR NUMBERS ONE AND TWO
Both assignments of error complain of the trial court's denial of the motion to set aside the conviction and verdict. In assignment of error number one, the defendant contends that the trial court erred in failing to comply with La.Code Crim.P. art. 811. In assignment of error number two, the defendant contends that the trial court erred in preventing a juror, Shirley Cummings, from testifying at the hearing on the motion to set aside the conviction and verdict.
After the defendant was convicted, the defense learned that one juror allegedly voted not guilty. The defense obtained a sworn affidavit from this juror, Shirley Cummings. The defendant contends that, because one juror voted not guilty, she was not convicted by a unanimous jury of six, as required by La.Code Crim.P. art. 782 A. Initially, we note that the defendant's motion to set aside the conviction and verdict is not found in the Code of Criminal Procedure. The defendant should have proceeded by way of a motion for new trial or a motion in arrest of judgment. See La.Code Crim.P. arts. 851(4) and 859(4) and (5). In any event, because the defendant's motion to set aside the conviction and verdict was well-pleaded and gave the trial court specific notice of the errors alleged therein, we will consider the instant assignments of error as if the defendant had proceeded correctly.
La.Code Crim.P. art. 811 provides:
If the verdict is correct in form and responsive to the indictment, the court shall order the clerk to receive the verdict, to read it to the jury, and to ask: "Is that your verdict?" If the jury answer "Yes," the court shall order the clerk to record the verdict and shall discharge the jury.
The instant record reflects that the trial court failed to ask the jury "Is that your verdict?" as required by Article 811. However, the defendant failed to enter an objection and, therefore, any such error was waived. La.Code Crim.P. art. 841; State v. Mouton, 319 So.2d 331, 333 (La. 1975). Furthermore, we note that the defense did not request that the jurors be polled. Accordingly, assignment of error number one is meritless.
At the hearing on the motion to set aside the conviction and verdict, which took place on May 18, 1989, the trial court ruled that Juror Cummings was not competent to testify. This ruling was based on La.R.S. 15:470, which provided:
No juror, grand or petit, is competent to testify to his own or his fellows' misconduct, or to give evidence to explain, qualify or impeach any indictment or any verdict found by the body of which he is or was a member; but every juror, grand or petit, is a competent witness to rebut any attack upon the regularity of the conduct or of the findings of the body of which he is or was a member.
La.R.S. 15:470 was repealed by the new Code of Evidence, which took effect on January 1, 1989. See Act 515 of 1988. Trial on this matter was held February 21, 1989. Louisiana Code of Evidence Article 606 B now provides:
Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement *1272 occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict or indictment or concerning his mental processes in connection therewith, except that a juror may testify on the question whether any outside influence was improperly brought to bear upon any juror, and, in criminal cases only, whether extraneous prejudicial information was improperly brought to the jury's attention. Nor may his affidavit or evidence of any statement by him concerning a matter about which he would be precluded from testifying be received for these purposes.
The policy behind La.R.S. 15:470 was to preserve the confidentiality of the deliberations among jurors and to add to the finality of jury verdicts. State v. Graham, 422 So.2d 123, 136 (La.1982), appeal dismissed, 461 U.S. 950, 103 S.Ct. 2419, 77 L.Ed.2d 1309 (1983). However, the jurisprudence has established that the prohibition in La. R.S. 15:470 is not absolute and must yield to a substantial showing that the defendant was deprived of his constitutional rights. State v. Graham, 422 So.2d at 136. Well-pleaded allegations of prejudicial juror misconduct violating a defendant's constitutional rights will require an evidentiary hearing at which jurors shall testify. State v. Sanders, 539 So.2d 114, 121 (La.App. 2d Cir.), writ denied, 546 So.2d 1212 (La.1989).
In the instant case, the defendant made a well-pleaded allegation that one juror did not concur in the guilty verdict and, therefore, the defendant was not convicted by a unanimous jury of six. We find that the above jurisprudence on the requirements for overcoming the prohibition contained in La.R.S. 15:470 is likewise applicable to Code of Evidence Article 606 B and, therefore, in light of the defendant's well-pleaded allegation, the trial court erred in preventing Juror Cummings from testifying at the hearing on the defendant's motion to set aside the conviction and verdict.[1]
Accordingly, the instant sentence is vacated, and the case is remanded for a reopened hearing on the defendant's motion to set aside the conviction and verdict. At such hearing, the defendant should be permitted to introduce all relevant evidence to support the allegation that Juror Cummings did not concur in the guilty verdict, including her own testimony. Additionally, the State should be permitted to introduce all relevant evidence to rebut the allegation that Juror Cummings did not concur in the guilty verdict, including the testimony of the other jurors. At the conclusion of such hearing, if the trial court finds that Juror Cummings did not concur in the guilty verdict, it shall vacate the defendant's conviction and order a new trial. On the other hand, if the trial court finds that Juror Cummings did concur in the guilty verdict, it shall deny the motion to set aside the conviction and verdict. Thereafter, the defendant shall be resentenced, and she may file a new appeal to this Court.
SENTENCE VACATED AND CASE REMANDED FOR A REOPENED HEARING ON THE MOTION TO SET ASIDE CONVICTION AND VERDICT.
NOTES
[1] We note that the State has attached to its brief to this Court affidavits from the other five jurors indicating that Juror Cummings concurred in the guilty verdict. The State has also attached to its brief to this Court two affidavits indicating that the defendant's husband attempted to bribe one of the jurors after the trial. Apparently, the State has included these affidavits in its brief to this Court in order to show that Juror Cummings may be lying about her not guilty vote and that she may have been bribed by the defendant's husband. However, this Court has no authority to receive or review evidence not contained in the trial court record. State v. Johnson, 529 So.2d 466, 474 n. 4 (La. App. 1st Cir.1988), writ denied, 536 So.2d 1233 (La.1989); State v. Smith, 447 So.2d 565, 569 (La.App. 1st Cir.1984).