LOTTINGER, Judge.
The defendant, Debra R. Duncan, was charged by grand jury indictment with theft of $500.00 or more. La.R.S. 14:67. She pleaded not guilty and, after trial by a jury of six, was found guilty as charged. Subsequently, the defendant filed a “motion to set aside conviction and verdict” on the basis that one of the jurors, Shirley Cummings, allegedly voted not guilty. After a hearing, the trial court denied the motion without allowing Ms. Cummings to testify. Thereafter, the defendant received *694 a sentence of five years at hard labor. The sentence was suspended; and she was placed on supervised probation for a period of five years, with numerous special conditions of probation. The defendant appealed, alleging two assignments of error. In State v. Duncan, 563 So.2d 1269 (La.App. 1st Cir.1990), this Court found no merit to the defendant’s first assignment of error, which alleged that the trial court erred by failing to ask, “Is this your verdict?”, as required by La.Code Crim.P. article 811. This Court specifically noted that the defendant had failed to enter a contemporaneous objection and that the defendant had failed to request a polling of the jury. State v. Duncan, 563 So.2d at 1271. However, this Court found merit in the defendant’s second assignment of error, which alleged that the trial court erred in refusing to allow Ms. Cummings to testify at the hearing on the motion to set aside conviction and verdict. We vacated the defendant’s sentence and remanded for a reopened hearing on the motion. State v. Duncan, 563 So.2d at 1271-1272.
The reopened hearing on the defendant’s motion to set aside conviction and verdict was held on July 13, 1990, and August 9, 1990. Thereafter, the trial court denied the motion, finding that the jury verdict was unanimous and proper. The defendant received the same sentence previously imposed. In her second appeal to this Court, the defendant contends that the trial court erred in denying her motion to set aside conviction and verdict.
ASSIGNMENT OF ERROR
In her only assignment of error, the defendant contends that the trial court erred in denying her motion to set aside conviction and verdict. Specifically, she notes that one juror, Shirley Cummings, has maintained that she voted not guilty and, therefore, the verdict was not unanimous, as required by La.Code Crim.P. article 782(A).
DISCUSSION
On July 13,1990, at the reopened hearing on the defendant’s motion to set aside conviction and verdict, the jury foreman, Austin Daniel, testified that he did not conduct a written vote. Instead, there was an oral discussion and vote. Mr. Daniel testified that the vote was a unanimous guilty vote and that Shirley Cummings voted guilty. However, Shirley Cummings testified that she voted not guilty and has maintained this position since the trial.
Three other jurors, E. Cary Howard, Ellen R. Howard, and Debbie Guin, testified that the vote was guilty, that it was unanimous, and that Shirley Cummings voted guilty. On cross-examination, when Debbie Guin was asked if she had told anyone that Shirley Cummings voted not guilty, Miss Guin replied that she had not. However, she did admit that she informed the defendant’s husband, Dave Duncan, that the jury’s vote was written rather than oral. She explained that she did so “because I didn’t suppose (sic) to tell him what went on in the jury room.”
On August 9,1990, at the continuation of this hearing, the last juror, Dee Bennett, testified that Ms. Cummings voted guilty. Thereafter, Sally Ann Guin testified that, within one or two days of the trial, her cousin, Debbie Guin, stated that a juror named Shirley had voted not guilty. This conversation allegedly took place at the home of Debbie Guin’s mother. Sally Ann Guin admitted that she did not hear all of this conversation. She also testified that, during the conversation, Debbie Guin admitted that she had been offered a bribe but was not going to accept it.
However, Debbie Guin testified that her cousin, Sally Ann Guin, was lying. She testified that all the jurors voted guilty and that she had not told anyone that Shirley Cummings voted not guilty. Debbie Guin explained that her mother and Sally Ann Guin were on bad terms, and that Sally Ann Guin had not been to her mother’s house since her sister and Sally Ann Guin “fell out,” which happened sometime before the trial. Finally, Mr. Daniel again testified that he conducted an oral vote and that Shirley Cummings voted guilty. At the conclusion of the hearing, the trial court denied the defendant’s motion to set *695 aside conviction and verdict, concluding that the jury’s vote was unanimous and, therefore, the verdict was proper. It found that “Ms. Shirley Cummings voted guilty and, for whatever reason, subsequently decided to recant that vote.”
In her brief to this Court, although the defendant notes that there is conflicting testimony about whether or not all of the jurors voted guilty, she focuses on Ms. Cummings’ unwavering testimony that she voted not guilty. The defendant also contends that, had the trial court complied with La.Code Crim.P. article 811 and asked the jury if their vote was guilty, Shirley Cummings could have had the opportunity to explain her alleged “not guilty” vote. In effect, the defendant requests this Court to reconsider its prior ruling on assignment of error number one in the first appeal and find that the trial court’s failure to comply with Article 811, combined with Ms. Cummings’ testimony that she voted not guilty, entitles the defendant to a new trial “where there can be no question about the unanimity of the verdict.” We disagree with this contention and we maintain our ruling on defendant’s first assignment of error in her previous appeal. Again, we note that, although the trial court failed to fully comply with Article 811, the defendant did not enter an objection, nor did she request a polling of the jury. Furthermore, after a careful consideration of this matter, we find no error in the trial court’s conclusion that the verdict was unanimous and proper.
For the above reasons, this assignment of error is meritless.
CONVICTION AND SENTENCE AFFIRMED.