597 So.2d 163 (1992)
STATE of Louisiana, Appellee,
v.
Kenneth Lee HARRIS, Appellant.
No. 23596-KA.
Court of Appeal of Louisiana, Second Circuit.
April 8, 1992.
Indigent Defender Bd., Lewis A. Jones, Ruston, for appellant.
Richard Ieyoub, Atty. Gen., Baton Rouge, Robert W. Levy, Dist. Atty., Stephen K. Hearn, Jr., Asst. Dist. Atty., Ruston, for appellee.
Before HIGHTOWER, BROWN and STEWART, JJ.
HIGHTOWER, Judge.
After the court determined him competent to proceed, Kenneth Lee Harris withdrew his insanity plea. When a jury unanimously returned a guilty verdict in response to the charge of second degree murder, LSA-R.S. 14:30.1, the district judge denied a motion for new trial. Alleging error in that ruling, defendant now appeals.

FACTS
On November 4, 1989, police began investigating the homicide of Willie Clemmons, *164 an 80-year-old male found dead in the kitchen of his home in Ruston. The preceding day he had been stabbed thirteen times, and someone apparently had ransacked the residence. Police also soon discovered the victim's automobile at the end of a nearby street. Shortly thereafter, investigators received information that placed Harris in the vehicle around midnight on November 3. After officers located defendant at his mother's home, he gave a series of statements confessing to the murder.
An amended indictment later charged defendant with second degree murder, and trial produced the previously indicated verdict. After appropriate delays, the district court imposed a sentence of life imprisonment. This appeal then ensued.

NEW TRIAL MOTION

(Media Coverage and Juror Misconduct)
Trial began on the morning of Friday, May 17, 1991. Later that day, the local newspaper reported some of the early proceedings, primarily the court's decision to exclude defense evidence of Harris's heavy drug use. Subsequently, upon recessing court for the weekend, the judge reminded jurors to disregard any news accounts or conversations about the trial. When activities reconvened on the following Monday afternoon, defendant orally moved for a mistrial by asserting "a good chance" that the members of the jury had been exposed to newspaper articles published on two dates, May 17 and Sunday, May 19. The trial court denied the motion after receiving the two news items into evidence.
At his sentencing, defendant premised a motion for new trial on grounds of these same publications. In response, after denying a defense request to subpoena the jury for a later hearing, the trial court immediately heard argument on the motion. When queried as to how the two news reports could possibly be prejudicial, defense counsel could point only to a reference to Harris's refusal to cooperate with his lawyer, that aspect being mentioned in the May 17 article. However, when pressed on the issue, the attorney could not explain how such information created prejudice. Additionally, he merely stated that he had been informed that "at least one juror" read the Friday account.
Noting its admonition to jurors not to read or discuss any news reports, along with a special jury charge to disregard media references entirely, the trial court stated:
I fail to see where if any or all the Jurors read any news account, some of which, frankly, was favorable to the defendant in light of the defendant's alleged lack of specific intent concerning the issue of the drug condition that this is sufficient to either eviscerate or allow the Jurors to be interrogated as to what went on in their deliberation process. The Motion for New Trial is denied.
The decision on a motion for new trial rests within the sound discretion of the trial judge, and his ruling will not be disturbed on appeal absent a clear showing of abuse. State v. Quimby, 419 So.2d 951 (La.1982); State v. Hebert, 443 So.2d 620 (La.App. 3d Cir.1983). The merits of such a motion must be viewed with extreme caution in the interest of preserving the finality of judgments. As a general rule, a motion for new trial will be denied unless injustice has been done. LSA-C.Cr.P. Art. 851; State v. Dickerson, 579 So.2d 472 (La.App. 3d Cir.1991), modified on other grounds and affirmed, 584 So.2d 1140 (La. 1991).
Beyond determining if the jurors read the newspaper articles, defense counsel also sought to elicit testimony from them as to whether the reports in any way influenced their decision. In that respect, LSA-C.E. Art. 606(B) provides:
Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict or indictment or concerning his mental processes in connection therewith, except that a juror may testify on the question whether any *165 outside influence was improperly brought to bear upon any juror, and, in criminal cases only, whether extraneous prejudicial information was improperly brought to the jury's attention. Nor may his affidavit or evidence of any statement by him concerning a matter about which he would be precluded from testifying be received for these purposes.
This article clarifies the previous jury shield law, LSA-R.S. 15:470, but does not change the requirements for overcoming the prohibition against juror testimony. Therefore, the prior jurisprudence remains applicable. State v. Duncan, 563 So.2d 1269 (La.App. 1st Cir.1990).
The prohibition contained in Articles 606(B), and previously set forth in LSA-R.S. 15:470, is intended to preserve the finality of jury verdicts and the confidentiality of discussions among jurors. State v. Sanders, 539 So.2d 114 (La.App.2d Cir.1989), writ denied, 546 So.2d 1212 (La. 1989); State v. Morris, 457 So.2d 119 (La. App.2d Cir.1984). Only well pleaded allegations of prejudicial juror misconduct violating a defendant's constitutional rights will require an evidentiary hearing at which jurors shall testify. State v. Graham, 422 So.2d 123 (La.1982); State v. Sanders, supra; State v. Morris, supra. Unless such pleadings are made with particularity, jury members are not competent to testify. State v. Sanders, supra.
Defendant's allegations fail to meet this requirement of specificity. Furthermore, as observed by the trial court, the story appearing in the Friday edition could well be construed as advancing the defense theory that defendant's "heavy drug use," mentioned in the account, possibly affected his ability to form specific intent. The Sunday item, although innocuously reporting the judge's comment to the effect that the jury did not adversely react to an introduced videotape of the homicide scene, does not appear to be prejudicial in any manner.
Defendant, then, failed to assert any allegations requiring that the jurors be subpoenaed. Mere conclusory statements devoid of any specificity are insufficient to warrant jury testimony. See State v. Williams, 554 So.2d 141 (La.App.2d Cir. 1989), writ denied, 560 So.2d 21 (La. 1990); and compare State v. Sanders, supra; State v. Morris, supra. Nor, in our opinion, do the two news articles in question reflect actual prejudice. Further, the record discloses clearly stated instructions serving to insulate the jury from media reports. We thus find no error either in the denial of defendant's new trial motion, or in the trial court's refusal to hear jury testimony.

CONCLUSION
For the foregoing reasons, we affirm both the conviction and sentence.
AFFIRMED.