363 So.2d 509 (1978)
STATE of Louisiana
v.
Rickie WASHINGTON.
No. 61931.
Supreme Court of Louisiana.
October 9, 1978.
Harold Douglas, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry Connick, Dist. Atty., Robert P. Barnard, Asst. Dist. Atty., for plaintiff-appellee.
TATE, Justice.
The defendant Washington was convicted of simple burglary, La.R.S. 14:62, and sentenced *510 to five years' imprisonment at hard labor. His appeal raises seven assignments of error.[1]
As will be seen, we find no reversible merit to any of them, although the case must be remanded for sentencing to allow credit for time served.
The most serious issues are raised by Assignments 2 and 3 (disparate treatment of state and defense challenges for cause of prospective jurors) and by Assignment 6 ("clarifying" questions and statements by the trial court, which were unfavorable to the defense).
Without detailing the circumstances, we will state that the appellant's contentions are substantial. Ultimately, however, we do not find that they require reversal:
With regard to the first contention, we are unable to say the trial court abused its discretion in finding that one juror had rehabilitated herself (in rejecting a defense challenge for cause) and that the other juror had not (in sustaining a defense challenge for cause), although in both instances the issue is close.
With regard to the second contention, the trial judge's clarifying questions came perilously close, during his repeated interruptions of the defendant's cross-examination of a state fingerprint expert, to interrogation emphasizing favorable aspects of the state's case more appropriate to redirect examination by the prosecutor. Nevertheless, we are unable to find, on the record as a whole, that the court's questioning of this fingerprint expert was so substantially prejudicial to the defendant as to have contributed to the jury's finding of his guilt. See La.C.Cr.P. art. 921.
The other contentions do not present substantial issues regarding reversal of the conviction:
Assignment 1: The trial court erred in denying a preliminary examination, see La.Const. of 1974, Art. 1, Section 14 and La.C.Cr.P. art. 292 (1974), but the issue is moot after conviction, at least in the absence of prejudice (and none is shown). State v. Redfud, 325 So.2d 595 (La.1976);
Assignment 4: Only the wife testified (her husband was out of town when the burglary occurred) that no one was given permission to enter the home by herself or her husband. However, her testimony and the circumstances (entry despite a locked door, a broken window, and a ransacked dwelling) was evidence of an "unauthorized entering," an essential element of the crime, La.R.S. 14:62. We find no merit to the defendant's argument that this essential element was not proved because the husband himself did not also testify that he had not given consent;
Assignment 5: We find no abuse of discretion in the trial court's discretion in permitting the state to recall a state witness, shortly after it had rested (but before argument), to testify briefly as to security conditions in the state crime laboratory. See La.C.Cr.P. art. 765(5); State v. Bias, 337 So.2d 426 (La.1976). See also State v. Ardoin, 340 So.2d 1362 (La.1976).
However, by Assignment 7, the defendant correctly urges that the trial court, in sentencing him, failed to allow him credit for time he spent in custody on the present charges prior to the imposition of sentence. La.C.Cr.P. art. 880 (1970).

Decree
Accordingly, we affirm the conviction, but we set aside the sentence and remand this case for re-sentencing in accordance with law.
CONVICTION AFFIRMED; SENTENCE SET ASIDE, AND CASE REMANDED FOR RE-SENTENCING.
NOTES
[1] In discussing them, we will use the numbering as argued in the appellant's brief, rather than that initially given to them when filed in the trial court.