376 So.2d 103 (1979)
STATE of Louisiana
v.
Herschel STERLING.
No. 65047.
Supreme Court of Louisiana.
October 8, 1979.
Rehearing Denied November 1, 1979.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Marvin Opotowsky, Asst. Dist. Attys., for plaintiff-relator.
Terrance J. Powers, Bachmann, Weltchek & Powers, Robert Glass, Glass & Reed, New Orleans, for defendant-respondent.
MARCUS, Justice.
Herschel C. Sterling was charged by bill of information on May 2, 1979, for having committed the crime of aggravated battery *104 (a felony) on April 12, 1979, in violation of La.R.S. 14:34.
On defendant's motion, a preliminary examination was held before the magistrate court on May 11, 1979, at which hearing the state presented no evidence of probable cause to charge defendant and conceded his right to be released from custody without bail. However, the state noted that the charge had been accepted and that the state intended to proceed with the prosecution on the pending information. The magistrate, finding no probable cause, released defendant from custody without bail.
Defendant filed a second motion for a preliminary examination in the criminal district court, contending that he had not been afforded a hearing to which he was entitled under La.Const. art. 1, § 14 (1974). On June 8, 1979, a preliminary examination was held and again the state presented no evidence of probable cause. The district judge held that the state must produce witnesses at the preliminary examination in order to fully satisfy defendant's constitutional right to a preliminary examination.[1] We granted the state's application to review the correctness of the trial judge's ruling.[2]
La.Const. art. 1, § 14 (1974) provides:
The right to a preliminary examination shall not be denied in felony cases except when the accused is indicted by a grand jury.
La.Code Crim.P. arts. 291-298 and 386 implement the right to a preliminary examination. Art. 294 provides in pertinent part:
At the preliminary examination the state and the defendant may produce witnesses, who shall be examined in the presence of the defendant and shall be subject to cross-examination. The defendant may also testify, subject to cross-examination.
Art. 296, which defines the scope of a preliminary examination, provides in pertinent part:
If the defendant has not been indicted by a grand jury for the offense charged, the court shall, at the preliminary examination, order his release from custody or bail if, from the evidence adduced, it appears that there is not probable cause to charge him with the offense or with a lesser included offense. If the defendant is ordered held upon a finding of probable cause, the court shall fix his bail if he is entitled to bail.
Thus, the state may produce witnesses at the preliminary examination to show that there is probable cause to charge defendant with the offense or with a lesser included offense. If the evidence adduced at the preliminary examination fails to disclose probable cause, art. 296 requires the court to order defendant's release from custody or bail. Such a release, however, does not have the effect of a judicial dismissal of the pending information, since it merely releases defendant from the inconvenience of custody or bail, and the district attorney must then decide whether the defendant will be brought to trial or the charge dismissed or whether a grand jury indictment will be sought. See Official Revision Comment (c) to art. 296. Moreover, discharge of a defendant after preliminary examination does not preclude the subsequent filing of an indictment, information, or affidavit against him for the same offense. La.Code Crim.P. art. 386. In other words, a preliminary examination does not determine the validity of the charge brought against a defendant, but rather determines whether or nor there is probable cause to deprive the defendant of his liberty. See State v. Jenkins, 338 So.2d 276 (La.1976).
In Gerstein v. Pugh, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975), the Supreme Court held that "the Fourth Amendment *105 requires a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest." However, the Court was careful to point out that the fourth amendment addressed detention pending further proceedings, i. e., pretrial custody; it does not require a judicial review of the decision to prosecute by information.
In sum, where the evidence adduced at the preliminary examination fails to disclose probable cause to charge defendant with the offense or with a lesser included offense, the court shall order his release from custody or bail. La.Code Crim.P. art. 296. The same result is reached where the state offers no evidence of probable cause at the preliminary examination, i. e., defendant will be ordered released from custody or bail. Where, as here, the state offers no evidence of probable cause, a defendant's constitutional right to a preliminary examination will be fully satisfied. Hence, defendant has no cause to complain. Accordingly, the trial judge erred in requiring the state to produce witnesses at the preliminary examination. We must reverse.

DECREE
For the reasons assigned, the ruling of the trial judge is reversed and set aside and the case is remanded to the district court for further proceedings consistent with the views herein expressed.
TATE, J., concurs in part and dissents in part, and assigns reasons.
CALOGERO, J., joins in TATE, J.'s partial concurrence and partial dissent.
DENNIS, J., concurs in part and dissents in part for the reasons assigned by TATE, J.
TATE, Justice (concurring in part and dissenting in part).
The writer concurs insofar as the majority holds that the state is under no duty to produce witnesses at a preliminary examination requested by the defendant. If it fails to do so, as the majority states, then the accused is released without bail.
I respectfully dissent, however, from the majority's holding that the state may abort the accused's constitutional right to a preliminary examination by this tactic. The preliminary examination serves other purposes and has a broader function than merely to assure the accused's release without bail if there is no probable cause for the charge against him.
The majority fails to address a second issue posed by the defendant's motion to call witnesses, even though the state failed to call any. The defendant points out that La.C.Cr.P. art. 294 provides that both state and defendant "may produce witnesses, who shall be examined in the presence of the defendant and shall be subject to cross-examination." (Italics mine.)
This statutory right is here ignored, albeit so explicit. The majority concludes this statutory right is meaningless upon its assumption that the sole purpose of a defendant's right to a preliminary examination is to entitle him to release without bail, if held on a groundless charge.
In my opinion, this ignores other values in the preliminary examination implicit in the guaranteed constitutional right to one and explicitly set forth by statute. For instance, a transcript must be made and filed of the testimony taken at the preliminary examination. La.C.Cr.P. art. 294. One obvious purpose of this is to protect the defendant at the trial from shifting testimony of witnesses which may surprise him; a highly important value, I might add, in protecting against further harassment by continued prosecution on a charge which, at the preliminary examination, the state formally indicates to be without probable cause since the state produces no witnesses to justify it.
Again, if a witness becomes unavailable, his testimony taken at the preliminary examination and preserved by the transcript is admissible at the trial. La.C.Cr.P. art. 295. The defendant is obviously entitled to this protection against potential loss of favorable testimony through the witness's *106 subsequent unavailability at the trial on the merits.
These specific examples, founded on specific statutory right, illustrate that an accused's constitutional right in Louisiana to a preliminary examination, La.Const. of 1974, Art. 1, Section 14, has broader import than the narrow (merely) statutory purpose assigned to it by the majoritymerely to assure him of release without bail, if no probable cause exists for holding him.
Even before the adoption of the new constitution, the preliminary examination was established as a vital procedure in our criminal justice system. Its importance may be measured against the procedural safeguards in which it has been cloaked. The defendant is entitled to produce witnesses and to confront and cross-examine the witnesses against him. La.C.Cr.P. art. 294. In drafting Art. I, Section 14 of the 1974 Constitution, which elevated the right to a preliminary examination to a constitutional guarantee, the convention contemplated the type of full-blown adversary proceeding provided for by statute. State v. Jenkins, 338 So.2d 276 (La.1976). To effectuate that right, we have held that absent an intelligent waiver, the hearing may not be conducted without benefit of counsel for the accused. Id.
Such safeguards are not required for a fair determination of the accused's mere right to pre-trial release, see Gerstein v. Pugh, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975), but are normally associated with a hearing which determines the state's right to proceed with the prosecution, see, e. g., Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970), A.L.I. Model Code of Pre-Arraignment Procedure, Section 330.
Nevertheless, in Louisiana the validity of the prosecution does not hinge upon the outcome of the preliminary examination. La.C.Cr.P. art. 386 provides in pertinent part: "Discharge of a defendant after a preliminary examination does not preclude the subsequent filing of an indictment, information, or affidavit against him for the same offense." By implication, this provision also authorizes the continuation of a prosecution under a previously filed indictment.
The sanction for a failure to establish probable cause is prescribed by La.C.Cr.P. art. 296: "If the defendant has not been indicted by a grand jury for the offense charged, the court shall, at the preliminary examination, order his release from custody or bail if, from the evidence adduced, it appears that there is not probable cause to charge him with the offense or with a lesser included offense."
Relying upon these provisions, the state characterizes the preliminary examination in Louisiana solely as a forum for the determination of the accused's right to pretrial release. It therefore asserts the authority to undercut the right to a preliminary examination by acceding to the accused's unconditional release pending trial.
Gerstein v. Pugh, supra, held that "the Fourth Amendment requires a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest." 420 U.S. at 114, 95 S.Ct. at 863. But Pugh merely describes the constitutional minimum for the preliminary examination: its focus is upon the Fourth Amendment probable cause determination, for which an informal nonadversary hearing will suffice. A restriction of the scope of Louisiana's preliminary examination to conform to the minimal requirements of Pugh would be inconsonant with the law and jurisprudence of this state calling for a full, adversary hearing.
The substantial protections afforded an accused at the preliminary examination are designed to implement what has been universally regarded as the primary function of that hearingto screen cases, i. e., to eliminate those which for a variety of reasons ought not to be prosecuted: "The object or purpose of the preliminary [hearing] is to prevent hasty, malicious, improvident, and oppressive prosecutions, to protect the person charged from open and public accusations of crime, to avoid both for the defendant and the public the expense of a public trial, and to save the defendant from *107 the humiliation and anxiety involved in public prosecution, and to discover whether or not there are substantial grounds upon which a prosecution may be based." Thies v. State, 178 Wis. 98, 103, 189 N.W. 539, 541 (1922), quoted approvingly in Kamisar, Yale, et al., Modern Criminal Procedure (4th ed. 1974), p. 957.
If Article 386, supra, has dulled the edge of the preliminary examination by according the state the authority to proceed with the prosecution despite a finding of no probable cause, that provision has not blunted its primary aim.
In a full preliminary hearing, the state is forced to examine the strength of its case and may be influenced to dismiss a prosecution found deficient. This process may not be dispensed with upon a concession of no probable cause, for the pretrial release determination is merely a collateral function of the preliminary examination, and to elevate it to a position of exclusive importance is to pervert the primary function of the hearing.
Therefore, I conclude that the trial court was correct in ruling that the state could not abort defendant's right to a preliminary examination. I agree with the majority that the state may not be compelled to produce witnesses. However, the defense retains the power to secure for itself a full hearing by calling and examining witnesses of its own.
We should therefore remand this case for the conduct of the preliminary examination ordered by the trial court, but consistent with the views expressed by this opinion.
I respectfully dissent from the majority's failure to do so.
NOTES
[1] The assistant district attorney refused to obey the court's order to produce witnesses and the court held him in contempt and ordered him imprisoned. We denied the state's application for supervisory writ, noting that the assistant district attorney could either call witnesses for a preliminary examination or apply for a supervisory writ on the validity of the judge's order. State v. Meyer, 372 So.2d 572 (La.1979).
[2] 373 So.2d 533 (La.1979).