457 So.2d 880 (1984)
STATE of Louisiana, Plaintiff-Appellee,
v.
Oliver Ray MAYBERRY, Defendant-Appellant.
No. CR 83-1081.
Court of Appeal of Louisiana, Third Circuit.
October 10, 1984.
Writ Denied December 14, 1984.
*881 W. Simmons Sandoz, Sandoz, Sandox & Schiff, Opelousas, for defendant-appellant.
Morgan J. Goudeau, III, Dist. Atty., David Miller, Asst. Dist. Atty., Opelousas, for plaintiff-appellee.
Before FORET, STOKER and KNOLL, JJ.
KNOLL, Judge.
The defendant, Oliver Ray Mayberry, was convicted by a six-member jury on August 10, 1983, of aggravated battery, a violation of LSA-R.S. 14:34. The trial court sentenced defendant to serve ten years at hard labor. Since a firearm was used in the commission of the offense, the court enhanced defendant's sentence under LSA-C.Cr.P. Art. 893.1 and LSA-R.S. 14:95.2, and made it consecutive to any other sentence.
Defendant relies upon four assignments of error for a reversal of his conviction and sentence, contending the trial court erred in:
1. Denying the defendant his right to a preliminary examination by upholding the State's refusal to present evidence at the preliminary examination;
2. Denying the defendant's motion for a new trial based on a prejudicial remark made by one of the State's witnesses;
3. Denying the defendant's motion for a mistrial under LSA-C.Cr.P. Art. 729.5 when one of the State's witnesses testified to an inculpatory statement made by the defendant without making prior disclosure during discovery; and
4. Allowing the victim to show his bullet wounds and surgical scars to the jury.
We affirm, finding the assignments of error lack merit.

FACTS
On October 25, 1981, the defendant shot Nelson Dugas five times in the stomach. The shooting apparently occurred as a result of an argument among the defendant, the victim, and Patrick Bruno, following the break up of a card game at the victim's home. The shooting occurred across the street in a home where the defendant and the victim's sister lived. Immediately after the shooting, the defendant drove the victim to the hospital.

ASSIGNMENT OF ERROR ONE
Through this assignment, defendant contends that since the State failed to present any evidence at the preliminary examination, the State effectively denied defendant's right to a preliminary examination, and denied defendant the opportunity to listen to adverse witnesses and cross-examine the witnesses.
*882 While a preliminary examination can act as a discovery technique, the law does not treat it as such. The primary function of a preliminary examination is for purposes of determining probable cause for the charged offense or a lesser included offense. LSA-C.Cr.P. Art. 296 provides:
"If the defendant has not been indicted by a grand jury for the offense charged, the court shall, at the preliminary examination, order his release from custody or bail if, from the evidence adduced, it appears that there is not probable cause to charge him with the offense or with a lesser included offense. If the defendant is ordered held upon a finding of probable cause, the court shall fix his bail if he is entitled to bail. After an indictment has been found by a grand jury, the preliminary examination shall be limited to the perpetuation of testimony and the fixing of bail."
The State need only present a prima facie case. If the evidence does not support probable cause, the court shall order defendant's release from custody or bail. This is not a judicial dismissal. The State may still proceed against the defendant.
In the present case, the State did not present any evidence at the preliminary examination. The court released defendant from his bail obligations, but defendant was returned to Hunt Correctional Center where he was incarcerated for a previous conviction. While the State may produce witnesses at a preliminary examination, it is under no duty to do so. State v. Sterling, 376 So.2d 103 (La.1979).
Moreover, we find this issue moot. The determination of probable cause in a preliminary examination is laid to rest after trial and conviction. State v. Richardson, 245 So.2d 357 (La.1971).
This assignment of error is without merit.

ASSIGNMENTS OF ERROR TWO AND THREE
By these assignments, defendant contends the trial court erred in denying his motion for a mistrial on grounds of LSA-C. Cr.P. Art. 729.5 (failure to comply with discovery) and for a new trial, based on an allegedly inculpatory and prejudicial remark by one of the State's witnesses.
The statement complained of was made during the course of the trial when the State asked Officer Joseph Little, on direct examination, the following:
"Q. Would you look at that evidence tag and tell us how that gun came into the State's possession?
A. The gun did not come in my possession, like I said before, the gun was turned over to the chief and I after that booking and we took the gun and him and brought him to Opelousas and had him booked here in the parish. We did not he said that was the gun that he had used."
Under the discovery and inspection chapter of the Criminal Code of Procedure, a mistrial is sanctioned if a party fails to comply with discovery. In pertinent part, Article 729.5 provides:
"If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this Chapter or with an order issued pursuant to this Chapter, the court may order such party to permit the discovery or inspection, grant a continuance, order a mistrial on motion of the defendant, prohibit the party from introducing into evidence the subject matter not disclosed, or enter such other order, other than dismissal, as may be appropriate."
In the present case, defendant invoked the discovery articles when he filed his motion for discovery. Defendant contends that the above quoted testimony by Officer Little contained an inculpatory statement, allegedly made by defendant that was not included in the State's answer to the motion for discovery. Defendant argues that it is of no moment that the State filed its answers in good faith since Article 729.5 *883 does not make this distinction. We disagree.
It is clear that the statement by Officer Little was unsolicited and unresponsive to the question propounded. It is not disputed that the Assistant District Attorney was in good faith and had no knowledge of the statement prior to the time it was disclosed by Officer Little on the stand. Under these circumstances, the trial court properly denied the motion for a mistrial. State v. Fisher, 380 So.2d 1340 (La.1980).
Defendant argues that because the trial judge admonished the jury twice to ignore the remark, the statement drew more attention, which further prejudiced the defendant. Defendant contends that the ends of justice require a new trial. LSA-C. Cr.P. Art. 851(5). This is a ground upon which the trial judge may grant a new trial. It presents nothing for this court's appellate review. State v. Matthews, 354 So.2d 552 (La.1978); State v. Adams, 446 So.2d 355 (La.App. 3rd Cir.1984), writ denied, 449 So.2d 1355.
These assignments of error are without merit.

ASSIGNMENT OF ERROR FOUR
Defendant alleges the trial court erred in allowing the victim to show his bullet wound and surgical scars to the jury. Defendant argues this was an attempt by the State to inflame the jury and unduly arouse the jury's emotion of prejudice, hostility and sympathy. We disagree.
The State must prove beyond a reasonable doubt that the defendant committed an aggravated battery against the victim with a dangerous weapon, with the intentional use of force or violence. R.S. 14:33; R.S. 14:34. In proving crimes requiring intent, it is not unusual to permit the jury to view wounds, scars, photos and demonstrative evidence that are relevant to show intentional use of force or violence. The use of such evidence is left within the sound discretion of the trial judge, who can decide best whether they serve a proper place in the jury's enlightenment; his ruling in this respect will not be disturbed in absence of an abuse of discretion. State v. Kelly, 362 So.2d 1071 (La.1978); State v. Sterling, 377 So.2d 58 (La.1979). The ultimate test is whether its probative value outweighs its probable inflammatory effect; the evidence must be relevant, and a balance must be struck between its probative value and its tendency to overwhelm reason and associate the accused with the crime without other sufficient proof. State v. Sterling, 377 So.2d 58 (La.1979).
We find the evidence complained of by defendant was clearly probative since the State had the burden of proving an aggravated battery with a dangerous weapon. Therefore, the probative value of this evidence outweighed any prejudicial effect which it might have had. State v. Denney, 352 So.2d 204 (La.1977).
This assignment of error is without merit.

DECREE
For the foregoing reasons the conviction and sentence of the defendant, Oliver Ray Mayberry, are affirmed.
AFFIRMED.