602 So.2d 191 (1992)
STATE of Louisiana, Plaintiff-Appellee,
v.
Randall L. BURNS, Sr., Defendant-Appellant.
No. CR91-1083.
Court of Appeal of Louisiana, Third Circuit.
June 24, 1992.
George Higgins, Pineville, for defendant-appellant.
Thomas Yeager, Asst. Dist. Atty., Alexandria, for plaintiff-appellee.
*192 Before LABORDE and KNOLL, JJ., and MARCANTEL,[*] J. Pro Tem.
BERNARD N. MARCANTEL, Judge Pro Tem.
This is an appeal from the trial court's denial of defendant's motion for preliminary examination.
Defendant, Randall Burns, Sr., was charged by bill of information with two counts of distribution of marijuana, violations of La.R.S. 40:966. After the trial court ruled on defendant's pretrial motions, defendant entered into a plea bargain and changed his original plea of not guilty to guilty and reserved his right to appeal from the trial court's rulings on the pretrial motions. Pursuant to the plea bargain agreement, defendant pled guilty to the charges in return for the State recommending concurrent sentences of five years at hard labor. The agreement included the State agreeing to dismiss other unspecified charges and not filing a habitual offender bill against defendant. Also, it was agreed that defendant would be permitted post-conviction bail pending the outcome of his appeal. The trial court, after thorough examination of defendant, accepted defendant's guilty pleas and sentenced him as jointly recommended.

FACTS
The defendant was arrested on September 8, 1990 for selling bags of marijuana to undercover narcotics officers on two separate occasions. On May 28, 1991, defendant's first motion for preliminary examination was filed. When the hearing for this motion came up on June 12, 1991, counsel for defendant and the prosecutor entered into a joint stipulation, both in writing and in open court, in which they agreed to an informal discovery and to continue the preliminary examination without date. For some reason, counsel for defendant filed a second motion for preliminary examination on July 3, 1991, which was identical to the first motion filed on May 28, 1991.
The court minutes thereafter indicate that defendant's trial was continued by joint motion of defendant and the State on July 8, 1991, July 10, 1991, and July 23, 1991. On July 24, 1991, a hearing was conducted on the State's oral motion, apparently urged in open court, to dismiss defendant's July 3, 1991 motion for preliminary examination and defendant's motion to quash which was filed in open court on July 22, 1991. The State based its oral motion to dismiss on the untimeliness of defendant's motions. The trial court denied both of defendant's motions for preliminary examination as untimely filed.
On July 25, 1991, defendant entered his guilty pleas pursuant to a plea bargain agreement with the State. Counsel for defendant claimed the defendant was entering a guilty plea pursuant to North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); that is, defendant did not admit he was in fact guilty but he wanted to resolve the criminal proceedings and to reduce his sentence exposure by entering into a favorable plea bargain.

ASSIGNMENT OF ERROR NUMBER 1
Defendant contends in this assignment of error that the trial court erred when it failed to grant his motion for a preliminary examination. It is not clear from the record whether the trial judge granted the State's oral motion to dismiss or whether the trial judge denied defendant's written motion for preliminary examination. Defendant did not object to the trial court's denial of the motion.
A contemporaneous objection to an erroneous ruling by a trial court is not required for a denial of a written motion. La.C.Cr.P. art. 841 B. If the trial court's ruling is considered a denial of the defendant's written motion, then the matter may have been properly presented for review by designation as an assignment of error. State v. Stripling, 354 So.2d 1297 (La. 1978). On the other hand, if the trial *193 court's ruling is considered a granting of the State's oral motion to dismiss, then the failure of defendant to timely object to the adverse ruling waives any further review by this court. A review of the record indicates that the trial court's ruling should be considered a denial of defendant's written motion for preliminary examination.
La. Const. Art. 1, § 14 (1974) provides that a defendant in a felony case has a constitutional right to a preliminary examination except when he is indicted by a grand jury. However, even if this court should determine that the trial court's denial of defendant's preliminary examination was in error, there was no prejudice resulting to a substantial right of defendant. La.C.Cr.P. art. 921 provides that a conviction shall be reversed only if a ruling of the trial court affects a substantial right of the accused.
Defendant's guilty pleas were conditioned upon appellate review of the pre-plea motion to quash and motion for preliminary examination. In State v. Crosby, 338 So.2d 584 (La.1976), the Louisiana Supreme Court permitted defendants to enter into qualified or conditioned guilty pleas which reserved defendants' right to appellate review of alleged pre-plea errors. However, the function of a Crosby plea is to permit a fair and efficient review of a central issue when the pre-plea ruling, if erroneous, would mandate reversal of any resulting conviction. Id., 591. The typical pre-plea ruling subject to a Crosby reservation is a motion to suppress inadmissible evidence illegally or unconstitutionally obtained which would mandate reversal of any conviction, in spite of the guilt or innocence of the accused.
The Crosby plea was not intended to provide appellate review of pre-plea rulings concerning procedural irregularities or evidentiary rulings which do not go to the heart of the prosecution's case, or do not substantially relate to guilt. Given as an example of a procedural irregularity in State v. Crosby, supra, was a denial of a motion for continuance or motion to sever. State v. Crosby, supra, at 591. Denial of a motion for a preliminary examination should be added to these examples.
The rule in Louisiana is that a conviction renders moot any claim of an improper denial of a preliminary examination. State v. Washington, 363 So.2d 509 (La.1978); State v. Mayberry, 457 So.2d 880 (La.App. 3 Cir.1984), writ den., 462 So.2d 191 (La.1984); and State v. Wright, 564 So.2d 1269 (La.App. 4 Cir.1989), on rehearing. As was noted in State v. Sterling, 376 So.2d 103, at page 104 (La.1979):
"[A] preliminary examination does not determine the validity of the charge brought against a defendant, but rather determines whether or nor there is probable cause to deprive the defendant of his liberty."
See State v. Jenkins, 338 So.2d 276 (La. 1976). When the evidence adduced at the preliminary examination fails to disclose probable cause to charge defendant with the offense, or when the State offers no evidence of probable cause at the preliminary examination, the trial court shall order defendant released from custody or from his bail obligations. State v. Mayberry, supra; State v. Sterling, supra; and State v. Johnston, 376 So.2d 1236 (La. 1979). Such a release does not have the effect of a judicial dismissal of the pending charges; the power to dismiss charges belongs to the district attorney. State v. Johnston, supra.
If defendant's motion for preliminary examination had been granted, the State could have presented no witnesses and no evidence at the preliminary examination in order to prevent defendant from having unauthorized discovery of its case. See, e.g., State v. Mayberry, supra. In this hypothetical situation, the State, having failed to establish a prima facie case of probable cause, would have resulted in defendant's release from custody or from his bail obligations. The charges against defendant would not have been dismissed, and the State could have proceeded with the prosecution of defendant's case, even calling defendant's case to trial immediately after the hearing on the preliminary examination. See, e.g., State v. Hawkins, 496 So.2d 643 (La.App. 1 Cir.1986), writ den., 500 So.2d 420 (La.1987). Therefore, *194 defendant would have been in the same position after the preliminary examination as he was on July 24, 1991, when the trial court denied his motion for preliminary examination; he was going to trial on the pending charges.
Defendant was not prejudiced by the trial court ruling which denied him a preliminary examination.
For these reasons, this assignment of error is meritless.

ASSIGNMENT OF ERROR NUMBER 2
Assignment of error number 2 was not briefed by defendant and is therefore considered abandoned. Uniform Rules Courts of Appeal, Rule 2-12.4; State v. Dewey, 408 So.2d 1255 (La.1982).
For these reasons, defendant's convictions and sentences are affirmed.
AFFIRMED.
NOTES
[*] Honorable Bernard N. Marcantel participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.