J^STEVEN R. PLOTKIN, Judge.
The issues on appeal are whether the trial court erred in finding probable cause at the preliminary hearing and whether the trial court erred when it sentenced the defendant to serve eight years without benefit of probation or suspension. For the reasons discussed below we affirm the conviction and amend the sentence.
PROCEDURAL HISTORY
Defendant, James E. Jackson, was charged by bill of information with simple burglary of an automobile in violation of La. R.S. 14:62. Defendant pled not guilty at arraignment. At a preliminary hearing the district court heard testimony, found probable cause, and denied any motion to suppress the evidence or statements. On March 28, 2001, defendant appeared, and his attorney, Robert Jenkins, informed the court that defendant had accepted an offer from the State to plead guilty as charged as a third felony offender only. Furthermore, Mr. Jenkins requested that the court accept the plea under State v. Crosby, 338 So.2d 584 (La.1976). Defendant pled guilty as charged to simple burglary and thereafter pled guilty to the multiple bill. The court advised defendant that by pleading guilty under State v. Crosby, his right to appeal the motion to suppress the evidence and confession as | ¿well the finding of probable cause would be subject to appellate review. The court sentenced defendant to eight years at hard labor as a third felony offender.
STATEMENT OF FACTS
The testimony at the preliminary hearing reflects that on February 20, 2000, Detective William McDade and other officers had established surveillance of the 1100 block of St. Peter Street. Det. McDade explained that the surveillance had been established in light of a historical problem with auto burglaries during Mardi Gras. Apparently, the police had parked a specific vehicle near Det. McDade’s vantage point. Det. McDade observed defendant walk up the street and watched as he took the time to look into basically every car parked along the street. Detective McDade notified the surrounding teams that an individual was looking into cars so that they could get closer to the area. When defendant came to the target auto *1129 mobile, he walked around it several times and then went to the building at the corner and looked down Rampart Street. Defendant then walked back to the vehicle and reached into the open window of the car. Det. McDade notified the surrounding teams that someone had entered the car. He watched as defendant opened the door, leaned in, and collected items from inside the car, which consisted of a small radio, boxes for a cell phone and a digital camera, a cell phone, a pager, and a green camera bag. Defendant started walking towards Basin Street. Det. McDade broadcast a description of defendant and observed the takedown officers around the corner. When Det. McDade exited his vehicle and made his way across the street, he observed that they had defendant in custody.
Detective Christian Varnado testified that he observed defendant walking down St. Peter Street with the property and apprehended him. Det. |3Varnado was part of the team that arrested the defendant. Det. Varnado testified that after defendant was advised of his rights, Jackson related that he had retrieved the items from the vehicle and pointed to the undercover car.
ERRORS PATENT
A review of the record for errors patent reveals none.
ASSIGNMENT OF ERROR NUMBER 1
Counsel filed a brief requesting a review for errors patent. Counsel complied with the procedures outlined by Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), as interpreted by this Court in State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990). Counsel filed a brief complying with State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241. Counsel’s detañed review of the procedural history and facts of the case indicate a thorough review of the record. Counsel moved to withdraw because he believes, after a conscientious review of the record, that there is no non-frivolous issue for appeal. Counsel reviewed the avaüable transcripts and found no trial court ruling that could arguably support the appeal. A copy of the brief was forwarded to defendant, and this Court informed him that he had the right to file a brief in his own behalf, which he has done. Given the actions take by appellate counsel her motion to withdraw as counsel is granted.
PRO SE SUPPLEMENTAL ASSIGNMENT OF ERROR NO. 1
|4In his brief defendant essentially submits that because he did not commit the crime the trial court’s determination of probable cause was in error. Defendant seeks reversal of his conviction and sentence on that basis.
In State v. Burns, the Third Circuit reviewed the efficacy of appellate review of the denial of a motion for preliminary examination.
In State v. Crosby, 338 So.2d 584 (La.1976), the Louisiana Supreme Court permitted defendants to enter into qualified or conditioned guilty pleas which reserved defendants’ right to appellate review of alleged pre-plea errors. However, the function of a Crosby plea is to permit a fair and efficient review of a central issue when the pre-plea ruling, if erroneous, would mandate reversal of any resulting conviction. Id., [at] 591. The typical pre-plea ruling subject to a Crosby reservation is a motion to suppress inadmissible evidence illegally or unconstitutionally obtained which would mandate reversal of any conviction, in spite of the guilt or innocence of the accused.
The Crosby plea was not intended to provide appellate review of pre-plea rulings concerning procedural irregularities or evidentiary rulings which do not go to *1130 the heart of the prosecution’s case, or do not substantially relate to guilt. Given as an example of a procedural irregularity in State v. Crosby, supra, was a denial of a motion for continuance or motion to sever. State v. Crosby, supra, at 591. Denial of a motion for a preliminary examination should be added to these examples.
The rule in Louisiana is that a conviction renders moot any claim of an improper denial of a preliminary examination. State v. Washington, 363 So.2d 509 (La.1978); State v. Mayberry, 457 So.2d 880 (La.App. 3 Cir.1984), writ den., 462 So.2d 191 (La.1984); and State v. Wright, 564 So.2d 1269 (La.App. 4 Cir.1989), on rehearing. As was noted in State v. Sterling, 376 So.2d 103, at page 104 (La.1979):
“[A] preliminary examination does not determine the validity of the charge brought against a defendant, but rather determines whether or nor there is probable cause to deprive the defendant of his liberty.”
Id., 602 So.2d 191 at 193-194.
In State v. Daniels, 25,833 (La.App. 2 Cir. 3/30/94), 634 So.2d 962, the court reached the same elemental conclusion saying:
Defendant’s first assignment of error asserts that, at the preliminary examination, the trial court erred in finding Improbable cause to charge him with the offense. However, even if that position proved tenable, the issue is now moot.
Disregarding that our review reveals an adequate prima facie showing by the state, no preliminary examination shall be held invalid because of an error that does not substantially prejudice the defendant. LSA-C.Cr.P. Art. 298. At that early stage of a case, an evidentiary shortfall entitles a defendant only to release from custody or bail and does not prevent the state from proceeding against him. LSA-C.Cr.P. Art. 296; State v. Sanders, 539 So.2d 114 (La.App. 2d Cir.1989), writ denied, 546 So.2d 1212 (La.1989); State v. Mayberry, 457 So.2d 880 (La.App. 3d Cir.1984), writ denied, 462 So.2d 191 (La.1984). Thus, absent a demonstration of prejudice (and none is shown here), any issue concerning probable cause is moot after conviction. State v. Washington, 363 So.2d 509 (La.1978); State v. Sanders, supra; State v. Wright, 564 So.2d 1269 (La.App. 4th Cir.1989).
Nor does the Crosby aspect recast the proposition. A conditioned plea may be utilized only to secure review of such fundamental errors as would mandate reversal after trial on the merits. State v. Crosby, supra, at 592. Hence, defendant may not now complain about a probable cause ruling that transpired at his preliminary hearing.
Id., 25,833 at p. 2, 634 So.2d at 963-964.
As made clear in Bums and Daniels defendant’s submission that the trial court’s determination of probable cause was in error presents nothing for this Court to review. However, because defendant suggests that he is not culpable, it is appropriate to assess his plea under the guidelines of North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). In Alford, the court resolved the issue of whether a guilty plea can be accepted when it is accompanied by protestations of innocence. Finding no new test for determining the validity of guilty pleas, the court stated that “[t]he standard was and remains whether the„plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. See Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969) ...” Id.,Id., 91 S.Ct. at 164 (additional citations omitted). The Alford court found that because of the strong *1131 factual basis for the plea and “Alford’s lficlearly expressed desire to enter it despite his professed belief in his innocence,” the trial judge did not commit constitutional error in accepting the plea. Id., 91 S.Ct. at 168. A defendant’s decision to plead guilty when confronted with the choice between a trial, knowing that the evidence substantially negates his claim of innocence, and a plea of guilty, which limits the maximum penalty he may receive, has been called a “best interests plea,” or simply an “Alford plea.” An appellate court’s responsibility in judging the validity of an “Alford plea” is to assess whether the plea was intelligently entered based on how strongly the record evidences guilt.
In the instant case, defendant states that he did not remove the items from the car but found them on St. Peter Street. Nevertheless, the testimony taken at the preliminary hearing, and reviewed herein, reflects the State presented a strong basis for believing defendant committed the criminal act in question.
The plea satisfies the requirements of North Carolina v. Alford, in that there is a strong factual basis for the plea. Clearly, as evidenced by entering the plea under State v. Crosby and defendant’s subsequent appeal brief, defendant was under the impression that his case would be subject to meaningful review by this court, which because of the nature of a preliminary hearing is not the case.
Although it is apparent that, for whatever reason, defendant was not cognizant of the fact that the trial court’s determination of probable cause would not be subject to review, he, nevertheless, does not seek to withdraw his guilty plea. Furthermore, should defendant seek to do so, the action could bear substantial consequences, such as the imposition of a life sentence, as the court noted during sentencing. Clearly, defendant’s decision to plead guilty was based not only the perceived possibility of redress on 17appeal, but also on knowledge of the evidence to be offered against him at trial and of the possible sentence he could receive if convicted and subsequently adjudicated a fourth felony offender. Should defendant seek to withdraw his guilty plea, the appropriate procedure would be to file a post-conviction application in the trial court, where an evidentiary hearing could be held to assess whether defendant’s plea was intentionally entered.
PRO SE SUPPLEMENTAL ASSIGNMENT OF ERROR NO. 2
The defendant argues that the trial court erred when it sentenced the defendant to serve eight years without benefit of probation or suspension. La. R.S. 14:62, the statute under which defendant was sentenced, does not require that the sentence be served without the benefit of probation. The defendant’s eligibility for parole should be left to the determination of the Department of Corrections in accordance with La. R.S. 15:574.4. The trial court erred in denying parole eligibility. State v. Handy, 99-2688 p. 6 (La.App. 4 Cir. 11/08/00), 772 So.2d 931, 935. Accordingly, this Court amends the sentence to delete that portion of the eight-year sentence prohibiting probation eligibility.
CONCLUSION
For the foregoing reasons defendant’s conviction is affirmed and his sentence is amended to delete that portion of the eight-year sentence prohibiting probation eligibility.
AMENDED; AS AMENDED AFFIRMED.