STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

19-271

STATE OF LOUISIANA

VERSUS

DERRICK JAMES LAMBERT
A/K/A DERRICK LAMBERT

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 63,643
HONORABLE EDWARD B. BROUSSARD, DISTRICT JUDGE

**********

PHYLLIS M. KEATY
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Phyllis M. Keaty, and
D. Kent Savoie, Judges.

AFFIRMED.

John V. Ghio
Assistant District Attorney
100 North State Street, Suite 215
Abbeville, Louisiana 70510
(337) 898-4320
Counsel for Appellee:
        State of Louisiana

Sean Brucker
Fifteenth Judicial District
Public Defender
204 Charity Street
Abbeville, Louisiana 70510
(337) 898-2090
Counsel for Defendant/Appellant:
        Derrick James Lambert

**KEATY, Judge.**

Defendant appeals his conviction for monetary instrument abuse. For the following reasons, Defendant's conviction is affirmed.

**FACTS & PROCEDURAL BACKGROUND**

On September 27, 2018, Derrick James Lambert entered a bank in Vermilion Parish with a counterfeit one-hundred-dollar bill which was torn in half and marked "For Motion Picture Use Only." Once inside the bank, he attempted to exchange the counterfeit bill for real money. On November 8, 2018, Lambert (hereinafter Defendant) was charged by bill of information with monetary instrument abuse in violation of La.R.S. 14:72.2. On December 17, 2018, Defendant pled no contest to the amended charge of attempted monetary instrument abuse, a violation of La.R.S. 14:27 and La.R.S. 14:72.2, pursuant to *State v. Crosby*, 338 So.2d 584 (La.1976). Defendant was sentenced to serve three months in the parish jail. Defendant's counsel also reserved his right to continue the application for supervisory writ on the trial court's probable cause determination at the preliminary examination. Defendant filed a motion for appeal on January 4, 2019, which was granted.

On appeal, Defendant asserts the following assignment of error: "The trial court erred in finding that the evidence here could support a charge of Monetary Instrument Abuse because the instrument at issue was not 'counterfeit or forged,' and the allegations against Mr. Lambert therefore could not satisfy the elements of the offense as a matter of law."

**DISCUSSION**

**I.     Errors Patent**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there are no errors patent.

**II.     Assignment of Error**

In his sole assignment of error, Defendant contends the trial court erred in finding that the evidence supported a charge of monetary instrument abuse because the instrument was not "counterfeit or forged" and the allegations against him, therefore, could not satisfy the elements of the offense as a matter of law.

Defendant was charged with monetary instrument abuse in violation of La.R.S. 14:72.2, which provides, in pertinent part:

> . . . .
>
> B.     Whoever makes, issues, possesses, sells, or otherwise transfers an implement designed for or particularly suited for making a counterfeit or forged monetary instrument with the intent to deceive a person shall be fined not more than one million dollars but not less than five thousand dollars, or imprisoned, with or without hard labor, for not more than ten years but not less than six months, or both.
>
> C.     For purposes of this Section:
>
> (1)     "Counterfeit" means a document or writing that purports to be genuine but is not, because it has been falsely made, manufactured, or composed.
>
> (2)     "Forged" means the false making or altering, with intent to defraud, of any signature to, or any part of, any writing purporting to have legal efficacy.
>
> (3)     "Monetary instrument" means:
>
> (a)     A note, stock certificate, treasury stock certificate, bond, treasury bond, debenture, certificate of deposit, interest coupon, warrant, debit or credit instrument, access device or means of electronic fund transfer, United States currency, money order, bank check, teller's check, cashier's check, traveler's check, letter of credit, warehouse receipt, negotiable bill of lading, certificate of interest in or participation in any profit-sharing agreement, collateral-trust certificate, pre-organization certificate of subscription, transferable share, investment contract, voting trust certificate, or certificate of interest in tangible or intangible property.

On review, we note that Defendant filed a motion for preliminary examination hearing and bond reduction on October 8, 2018. At the preliminary examination hearing on November 13, 2018, the State presented Sergeant Scott Robertson.

According to his testimony, he received a complaint from a bank employee that Defendant entered the bank where he tried to exchange a fake one-hundred-dollar bill, which was torn in half, for another bill. Sergeant Robertson testified that the bill was fake because it was marked with the phrase "For Motion Picture Use Only." Following his testimony, Defendant's counsel argued that there lacked probable cause to show Defendant committed monetary instrument abuse because the bill did not purport to be genuine nor was it made with the intent to defraud. The trial court denied the motion for preliminary examination and found that Defendant "transferred the bill with the intent to deceive and the bill is counterfeit -- or not a good bill." Defendant subsequently pled no contest to attempted monetary instrument abuse, a violation of La.R.S. 14:27 and La.R.S. 14:72.2, pursuant to *Crosby*, 338 So.2d 584.

In his appellate brief, Defendant acknowledges that a ruling on a motion for preliminary examination generally cannot be appealed after entering a *Crosby* plea because such a ruling does not go to the heart of the prosecution or substantially relate to guilt. Defendant explains, however, that the issue raised by him at the preliminary examination, i.e., the State's ability to satisfy the elements of monetary instrument abuse, did go to the heart of the prosecution. Defendant reveals that he filed a writ application seeking review of the trial court's finding of probable cause. According to him, the writ application was dismissed because the State offered him a time-served plea deal, and he reserved his right to seek review of the ruling when he entered his plea. Accordingly, Defendant suggests that this court find the issue properly preserved for review on appeal.

Defendant next asserts that La.R.S. 14:72.2 requires the instrument be counterfeit or forged. According to him, the instrument at issue was not counterfeit or forged because it was a film prop one-hundred-dollar bill. Consequently,

Defendant opines that the alleged conduct could not satisfy the elements of the charged offense. He argues that the plain language of La.R.S. 14:72.2 contradicts the State's position that any attempt to pass off the bill as real currency was monetary instrument abuse.

At the outset, we must determine whether Defendant's assignment of error has been properly preserved for review on appeal. In that regard, we look to *State v. Burns*, 602 So.2d 191 (La.App. 3 Cir. 1992), where the defendant's guilty pleas were conditioned, in part, upon appellate review of the denial of his motion for preliminary examination. In finding that the defendant was not prejudiced by the trial court's denial of his motion for preliminary examination, this court explained the entry of a *Crosby* plea and review of a ruling for a motion for preliminary examination, as follows:

> In *State v. Crosby*, 338 So.2d 584 (La.1976), the Louisiana Supreme Court permitted defendants to enter into qualified or conditioned guilty pleas which reserved defendants' right to appellate review of alleged pre-plea errors. However, the function of a *Crosby* plea is to permit a fair and efficient review of a central issue when the pre-plea ruling, if erroneous, would mandate reversal of any resulting conviction. *Id*., 591. The typical pre-plea ruling subject to a *Crosby* reservation is a motion to suppress inadmissible evidence illegally or unconstitutionally obtained which would mandate reversal of any conviction, in spite of the guilt or innocence of the accused.
>
> The *Crosby* plea was not intended to provide appellate review of pre-plea rulings concerning procedural irregularities or evidentiary rulings which do not go to the heart of the prosecution's case, or do not substantially relate to guilt. Given as an example of a procedural irregularity in *State v. Crosby, supra*, was a denial of a motion for continuance or motion to sever. *State v. Crosby, supra*, at 591. Denial of a motion for a preliminary examination should be added to these examples.
>
> The rule in Louisiana is that a conviction renders moot any claim of an improper denial of a preliminary examination. *State v. Washington*, 363 So.2d 509 (La.1978); *State v. Mayberry*, 457 So.2d 880 (La.App. 3 Cir.1984), writ den., 462 So.2d 191 (La.1984); and *State v. Wright*, 564 So.2d 1269 (La.App. 4 Cir.1989), on rehearing. As was noted in *State v. Sterling*, 376 So.2d 103, at page 104 (La.1979):

> "[A] preliminary examination does not determine the validity of the charge brought against a defendant, but rather determines whether or nor there is probable cause to deprive the defendant of his liberty."

See *State v. Jenkins*, 338 So.2d 276 (La.1976). When the evidence adduced at the preliminary examination fails to disclose probable cause to charge defendant with the offense, or when the State offers no evidence of probable cause at the preliminary examination, the trial court shall order defendant released from custody or from his bail obligations. *State v. Mayberry, supra; State v. Sterling, supra;* and *State v. Johnston*, 376 So.2d 1236 (La.1979). Such a release does not have the effect of a judicial dismissal of the pending charges; the power to dismiss charges belongs to the district attorney. *State v. Johnston, supra.*

> If defendant's motion for preliminary examination had been granted, the State could have presented no witnesses and no evidence at the preliminary examination in order to prevent defendant from having unauthorized discovery of its case. See, *e.g., State v. Mayberry, supra.* In this hypothetical situation, the State, having failed to establish a prima facie case of probable cause, would have resulted in defendant's release from custody or from his bail obligations. The charges against defendant would not have been dismissed, and the State could have proceeded with the prosecution of defendant's case, even calling defendant's case to trial immediately after the hearing on the preliminary examination. See, *e.g., State v. Hawkins*, 496 So.2d 643 (La.App. 1 Cir.1986), writ den., 500 So.2d 420 (La.1987). Therefore, defendant would have been in the same position after the preliminary examination as he was on July 24, 1991, when the trial court denied his motion for preliminary examination; he was going to trial on the pending charges.

*Burns*, 602 So.2d at 193-94.

In *State v. Daniels*, 25,833 (La.App. 2 Cir. 3/30/94), 634 So.2d 962, 963-64,

the second circuit explained:

> [N]o preliminary examination shall be held invalid because of an error that does not substantially prejudice the defendant. LSA-C.Cr.P. Art. 298. At that early stage of a case, an evidentiary shortfall entitles a defendant only to release from custody or bail and does not prevent the state from proceeding against him. LSA-C.Cr.P. Art. 296; *State v. Sanders*, 539 So.2d 114 (La.App.2d Cir.1989), writ denied, 546 So.2d 1212 (La.1989); *State v. Mayberry*, 457 So.2d 880 (La.App.3d Cir.1984), writ denied, 462 So.2d 191 (La.1984). Thus, absent a demonstration of prejudice (and none is shown here), any issue concerning probable cause is moot after conviction. *State v. Washington*, 363 So.2d 509 (La.1978); *State v. Sanders, supra; State v. Wright*, 564 So.2d 1269 (La.App.4th Cir.1989).

Nor does the *Crosby* aspect recast the proposition. A conditioned plea may be utilized only to secure review of such fundamental errors as would mandate reversal after trial on the merits. *State v. Crosby, supra*, at 592. Hence, defendant may not now complain about a probable cause ruling that transpired at his preliminary hearing.

Considering the foregoing, we agree that the issue raised by Defendant at the preliminary examination substantially related to his guilt. However, the validity of a charge brought against a defendant is not determined by a preliminary examination. A preliminary examination's purpose is to determine whether probable cause exists for a defendant to be deprived of his liberty. Additionally, Defendant's argument herein presumes the State presented all of its evidence at the preliminary examination when, in fact, it is not mandated that the State present any evidence. *See State v. Sterling*, 376 So.2d 103. Defendant, therefore, cannot complain about the probable cause determination on appeal despite the reservation of his right to seek review of the ruling.

## DISPOSITION

Defendant's conviction is affirmed.

**AFFIRMED.**